DAVIS HOTEL CO. v. PLATT.

(Circuit Court, N. D. West Virginia, at Clarksburg. June 13, 1908.)

CARRIERS (§ 199*)—CARRIAGE OF GOODS—VALIDITY OF REGULATIONS.
　　Discrimination by a carrier against a particular commodity is not necessarily illegal if reasonable grounds therefor can be shown.
　　[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 901–903; Dec. Dig. § 199.*]

In Equity. On motion for preliminary injunction.

James Edward Law, for complainant.
Warder & Robinson, for defendant.

GOFF, Circuit Judge. This case, while similar in some particular, is in a number of instances quite different from Crescent Liquor Company et al. v. Platt (C. C.) 148 Fed. 894. The bills in both cases are in effect the same. Therefore, for a statement of the controversy now under consideration, reference is made to the case above mentioned. The jurisdiction of this court is questioned by the defendant, but I reach the conclusion after a careful examination of the authorities cited that it is my duty to retain and dispose of the case.

In the matter of the Crescent Liquor Company I held that the discrimination of the United States Express Company against the complainant was unreasonable, the effect of which was to cause great injustice to that complainant; hence pending the hearing I granted a mandatory injunction. In the present case the facts submitted for my consideration are materially different from those passed upon in the Crescent Liquor Company Case. I have now before me complainant's bill duly verified, which on this motion is used as an affidavit, as also

the affidavit of two of the officials of the defendant company, and on these I am to dispose of the motion for an injunction. The defendant in the affidavits mentioned sets forth that it has not by custom nor long usage committed itself to the transportation of C. O. D. packages, but that, on the contrary, it has never offered to render such service to the public generally; that it has frequently declined so to do, and has reserved such service to such parties as it deemed it proper to make special contracts with; that it has frequently refused to make such contracts, and has declined to transport the articles tendered by shippers, such articles so refused being packages of liquor, as well as of other commodities of commerce; that its refusal to receive and transport C. O. D. packages of liquor is founded on the experience of the express company in the years past, by which it has been demonstrated that such business has imposed upon that company such a great burden, accompanied by such financial loss, that in fairness it should not be required to continue the same; that, if given the opportunity, defendant will conclusively demonstrate the correctness of the contention of said company that its refusal to accept and deliver such packages is because of sound business principles, not unreasonable in their character.

The complainant does not attempt by affidavit or otherwise to refute this contention of the defendant, but relies solely upon the alleged discrimination against it. In the Crescent Liquor Company Case the discrimination was found to be unreasonable, as the legislation cited to sustain it was held to be unconstitutional, and the regulations regarding it partial and unjust. It is quite evident in the present case that discrimination against the complainant exists, but it does not necessarily follow that the rules and regulations now relied on by virtue of which such discrimination is shown are unreasonable. Other matters of defense than the legislation referred to are now presented. The defendant then accepted from some shippers C. O. D. packages of liquor, and declined to accept such packages from the Crescent Liquor Company. Defendant now declines to receive such packages from all dealers at all points, and insists that the facts will make evident the propriety of such action. Therefore defendant asks that time be given for the purpose of taking testimony, the object of which is to prove that the insistence now made by the express company is not without merit. I conclude that it is my duty before passing on the motion for injunction to give the defendant an opportunity to properly present the facts on which it relies to justify its action in declining altogether to receive for transportation and delivery C. O. D. packages of liquor. Let the pleadings be perfected and the proofs taken.

With the propositions of law announced in the Crescent Liquor Company v. Platt, when the motion for an injunction in that case was disposed of, I am in full accord, and, when the proofs shall have been taken in the case now under consideration, it will be determined whether or not they are pertinent to it.