## BURKE v. PLATT.

(Circuit Court, N. D. West Virginia. September 16, 1909.)

**CARRIERS (§ 199*)—CARRIAGE OF INTOXICATING LIQUORS—LEGALITY OF DISCRIMINATION.**

A rule of an express company by which it declines to receive shipments of liquor C. O. D. is reasonable and valid where it applies to all shippers and all localities alike, and where it is shown that the acceptance of such business has resulted in loss to the company and detriment to its business through unclaimed packages, delays in deliveries, rendering its places of business unpleasant to other patrons and in other ways, such as to justify the rule as a business regulation.

[Ed. Note.—For other cases, see Carriers, Cent, Dig. § 901; Dec. Dig. § 199.*]

In Equity. Suit for injunction.

John Bassel and J. E. Law, for complainant.
Warder & Robinson and Frank H. Platt, for defendant.

GOFF, Circuit Judge. The complainant, a duly licensed retail liquor dealer, whose place of business is at Clarksburg, W. Va., alleges that the United States Express Company, a common carrier, doing business in this district, unreasonably and illegally fails and refuses to receive from him and to transport and deliver liquors ordered of him when tendered to be shipped "collect on delivery" to any of his customers residing at any place where said company is engaged in business, greatly to his loss and injury. Complainant asks the court to restrain said express company, its officers, and agents from failing to perform its duty as a common carrier, and from refusing to receive, transport, and deliver to complainant's consignees upon the payment of the reasonable and customary express charges packages of liquor ordered of, filled, and tendered by him to that company for transportation and delivery, both collect on delivery and otherwise, in the same manner and under the same conditions as other goods, wares, and merchandise are transported and delivered by defendant. Pending the suit a temporary restraining order of like character was prayed for. The answer admits that complainant is a regularly licensed retail liquor dealer, doing business as set out in his bill; that the defendant, Thomas C. Platt, is the president of the United States Express Company; admits that the company has been and now is engaged as an express company doing business in West Virginia and elsewhere as set out in the bill; admits that the United States Express Company has refused to receive, transport, and deliver liquors ordered of complainant tendered by him to be shipped "collect on delivery." The answer also admits that the express company makes special contracts with shippers by which it undertakes to collect in certain instances from the consignee the purchase price of the shipment, for which a special charge is made, but insists that such service has never been offered to all who applied for it, the company having reserved the right to make the "collect on delivery"

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contract with certain shippers, and to refuse to make it with others, that, while intoxicating liquors have been received and forwarded, it has always been done subject to reasonable rules and regulations found necessary to protect the interests of the company and its patrons, which rules have been changed from time to time as the situation required until April 14, 1908, when all liquor shipments "C. O. D." were discontinued.

When the motion for a restraining order was submitted for my consideration in connection with the bill and affidavits filed with it, as also the affidavits submitted by the defendant, I refused the decree asked for, and directed that the proofs be taken for use on the final hearing. Important questions of law and practice, raised by the demurrer to the bill—which was overruled—would be further alluded to were it not that the conclusion I now reach renders their consideration unimportant. The case of Crescent Liquor Company v. Platt, 148 Fed. 895, heretofore decided by this court, has some points similar to those now involved, but the defense in that case was chiefly based upon a statute which the court found itself compelled to disregard because of its unconstitutionality. In that case the express company refused to accept from the complainant any shipment of intoxicating liquors to be delivered at certain points in the state of West Virginia, whether "C. O. D." or not, while at the same time it was receiving and transporting such packages for other liquor dealers. In the case of Davis Hotel Co. v. Platt, 172 Fed. 775, in denying the motion for a temporary injunction, this court said:

"It is quite evident in the present case that discrimination against the complainant exists, but it does not necessarily follow that the rules and regulations now relied on by virtue of which such discrimination is shown are unreasonable."

Similar language was used by the court when the restraining order was refused in the case now to be disposed of, and it was then plainly indicated that if the facts relied upon by defendant—as then presented in answer and affidavits—were substantiated by testimony formally taken, that the refusal of the express company to accept, carry, and deliver "C. O. D." packages of liquors would not be held to be unreasonable. It is that matter only that I have now to decide.

It is well to notice the fact that the express company does not decline to receive, transport, and deliver "C. O. D." packages of ordinary merchandise, but, in effect, concedes the right of shippers to resort to that method of shipment under special arrangements reasonable in character, the insistence being that, in view of the unusual situation shown to exist in connection with the carriage and disposition of liquor shipments, the company is compelled, having due regard to its duty to the public and to its stockholders, to refuse such "C. O. D." shipments. It still receives, carries, and delivers liquors of all kinds when offered under its regulations applicable to general shipments other than "C. O. D." It is clearly shown by the testimony that the expense, difficulties, and results attending the "C. O. D." liquor contracts are entirely different from those connected with "C. O. D." shipments of other kinds of traffic. The proofs offered on this subject justify the claim

made by the defendant that they have resulted in undesirable conditions and in financial loss to the company. Under such circumstances, it would be unreasonable and inequitable for the courts to compel the company to perform such service, to require it to undertake to collect from consignees of intoxicating liquors the purchase price thereof. It may be conceded that complainant's business is legitimate, and that the commodities in which he deals have the same status under the law as have other commercial articles, but in this connection it is well to recall that common carriers have the right to make and enforce reasonable regulations fixing the manner in and by which they will receive and transport the articles of commerce they undertake to carry. Presumably such regulations are proper and reasonable, and it is incumbent on those who maintain to the contrary to prove their contention. In my judgment the evidence offered by the complainant fails to show that the regulations complained of are unreasonable or unjust.

The complainant insists that it is the duty of the express company under the common as well as the statutory law to receive and transport all articles of lawful commerce tendered to it for that purpose. In my judgment this insistence cannot be sustained, as all such shipments offered by the patrons of the company are subject to the reasonable and lawful rules duly promulgated by it. The complainant is not discriminated against as the rule applies to all engaged in his business; nor are the articles of commerce peculiar to that business refused shipment, but the manner of shipment is regulated, and "C. O. D." packages of liquor are declined. This refusal applies to all shippers, and to all localities, not only in West Virginia, but in all the states where the United States Express Company is engaged in business. The defendant has shown by the testimony of many intelligent witnesses residing in this and other states, men of great experience, who have been for years employed in the discharge of duties connected with the express business, that the "C. O. D." liquor shipments tend to demoralize the employés of the express companies, and to diminish their efficiency; that as a result thereof the express companies have been retarded in their efforts to render prompt and satisfactory service to the public; that such companies have been frequently subjected to vexatious and expensive litigation, to prosecutions by county and municipal officials, and to seizures of property and searches of their places of business by officers of the law because of such shipments; that such places of business to which "C. O. D." packages of liquor have been consigned were thereby made unpleasant for the public, and that the patrons of the company on that account have been inconvenienced and prevented from transacting their business with its agents; that such companies have been compelled to secure additional storage room at considerable expense at various points in order to provide for the care and protection of such packages, which are frequently not called for by the consignees promptly, and which are often returned to the consignors after having been held for some time by the companies; and also that in certain localities the business of the company has been lost or impaired because of hostility engendered in such communities on account of such shipments. A rule founded on these facts, on condi-

tions producing such results—facts and conditions not controverted by complainant, and concerning which no testimony has been offered by him—cannot be held to be unreasonable, will not be adjudged unjust.

The injunction asked for is refused. The bill will be dismissed.